IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 17, 2004

## STATE OF TENNESSEE  v.  JEREMIAH GINN

**Appeal from the Criminal Court for Warren County**
**No. F-9025    Larry B. Stanley, Jr., Judge**

---

**No. M2003-02330-CCA-R3-CD - Filed March 31, 2005**

---

THOMAS T. WOODALL, J., concurring in part and dissenting in part.

I concur with all portions of the majority opinion except for that portion which holds that application of enhancement factors (9) (previous history of unwillingness to comply with conditions of sentencing involving release into the community) and (10) (defendant employed a deadly weapon during the commission of the offense), was harmless error beyond a reasonable doubt, though in violation of the dictates of *Blakely v. Washington*, 542 U.S. ____; 124 S.Ct. 2531 (2004). Assuming *arguendo,* for the purposes of this case, that *Blakely* error is subject to constitutional harmless error analysis, the particular facts of this case leave me where I cannot conclude beyond a reasonable doubt that the jury would have found it proper to apply enhancement factors (9) and (10).

The reason for my analysis is simple, but is based squarely upon the verdict of the jury in this case. The jury found by its verdict that Defendant was guilty of second degree murder, rather than the indicted offense of premeditated first degree murder. The proof clearly would have supported a conviction for first degree murder. Proof of premeditation was overwhelming. Our Supreme Court has delineated several circumstances that may be indicative of premeditation. Included is the use of a deadly weapon upon an unarmed victim, the fact that the killing was particularly cruel, declarations of the intent to kill the victim by the defendant, the making of preparations before the killing for the purpose of concealing the crime, and calmness immediately after the killing. *State v. Bland*, 958 S.W.2d 651, 660 (Tenn. 1997).

The victim was stabbed at least fifteen times. Although brass knuckles were found in the victim's pants during the medical examination, it was the victim, and not the defendant, who had wounds consistent with having been inflicted by brass knuckles. Following the initial stabbing, Defendant calmly went to the victim's truck, retrieved a gun, and fired into the trailer where Defendant was residing. Defendant was attempting to stage an assault by the victim at the crime scene. After doing this and being informed by his sister that the victim was still alive, the defendant stated that he would "take care" of the situation and calmly went back and stabbed the victim again. Despite having more than ample evidence to convict Defendant of premeditated first degree murder, the jury in this case chose to find Defendant guilty of the lesser included offense of second degree murder, which was clearly the prerogative and right of the jury. Based upon this fact, I am unable to state that, in this case, *this particular jury* would have found, beyond a reasonable doubt, that enhancement factors (9) and (10) should be applied to enhance Defendant's sentence. Accordingly, I would hold that the only available enhancement factor that does not violate *Blakely* is the use of Defendant's prior convictions. As noted in the majority opinion, there are no felony convictions, but there are numerous misdemeanor convictions that would suffice to enhance the sentence by two years, and I would therefore reverse the sentence of twenty-four years and modify it to twenty-two years.

_____
THOMAS T. WOODALL, JUDGE